THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     415/444-5800
Facsimile:      415/444-5805

Attorneys for Plaintiffs
PATRICK CONNALLY
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST,<br><br>          Defendants. | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

1      Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS,

2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4  defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST, dba

5  GIORGIO'S PIZZERIA and allege as follows:

6  **INTRODUCTION:**

7      1.    This is a civil rights action for discrimination against persons with physical

8  disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are

9  members, for failure to remove architectural barriers structural in nature at defendants'

10  GIORGIO'S PIZZERIA, a place of public accommodation, thereby discriminatorily denying

11  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

12  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

13  services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

14  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

15  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16      2.    Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or

17  about September 21, 2007, October 18, 2007, November 1, 2007, December 21, 2007,

18  March 13, 2008,  April 8, 2008, May 2, 2008 and May 14, 2008, was an invitee, guest, patron,

19  customer at defendants' GIORGIO'S PIZZERIA, in the City of San Francisco, California.  At

20  said time and place, defendants failed to provide proper legal access to the pizzeria, which is a

21  "public accommodation" and/or a "public facility" including, but not limited to the entry, men's

22  restroom and women's restroom.  The denial of access was in violation of both federal and

23  California legal requirements, and plaintiff PATRICK CONNALLY suffered violation of his

24  civil rights to full and equal access, and was embarrassed and humiliated.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 151 Clement Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff PATRICK CONNALLY  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff has severe traumatic head injury, chronic arthritis in upper extremities and constant joint inflammation, pain and swelling.  Plaintiff PATRICK CONNALLY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff PATRICK CONNALLY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

2  Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

3       6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

4  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

5  with persons with disabilities to empower them to be independent in American society.  DREES

6  accomplishes its goals and purposes through education on disability issues, enforcement of the

7  rights of persons with disabilities, and the provision of services to persons with disabilities, the

8  general public, public agencies and the private business sector.  DREES brings this action on

9  behalf of its members, many of whom are persons with physical disabilities and whom have

10  standing in their right to bring this action.

11       7.     That members of DREES, like plaintiff PATRICK CONNALLY, will or have

12  been guests and invitees at the subject GIORGIO'S PIZZERIA, and that the interests of plaintiff

13  DREES in removing architectural barriers at the subject pizzeria advance the purposes of

14  DREES to assure that all public accommodations, including the subject pizzeria, are accessible to

15  independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged

16  herein is purely statutory in nature.

17       8.     Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR

18  LIVING TRUST (hereinafter alternatively collectively referred to as "defendants") are the

19  owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of

20  the public accommodation known as GIORGIO'S PIZZERIA, located at/near 151 Clement

21  Street, San Francisco, California, or of the building and/or buildings which constitute said public

22  accommodation.

23       9.     At all times relevant to this complaint, defendants GIORGIO'S PIZZA, INC., a

24  California corporation; and MAR LIVING TRUST, own and operate in joint venture the subject

25  GIORGIO'S PIZZERIA as a public accommodation.  This business is open to the general public

26  and conducts business therein.  The business is a "public accommodation" or "public facility"

27  subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety

28  code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10.     At all times relevant to this complaint, defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST are jointly and severally responsible to identify and remove architectural barriers at the subject GIORGIO'S PIZZERIA pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201       General**

> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The GIORGIO'S PIZZERIA, is a restaurant, located at/near 151 Clement Street, San Francisco, California.  The GIORGIO'S PIZZERIA, its entry, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the GIORGIO'S PIZZERIA  and each of its facilities, its entry, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff PATRICK CONNALLY was a member of DREES.

13.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the GIORGIO'S PIZZERIA as being handicapped accessible and handicapped usable.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.    On or about September 21, 2007, October 18, 2007, November 1, 2007, December 21, 2007, March 13, 2008,  April 8, 2008, May 2, 2008 and May 14, 2008, plaintiff PATRICK CONNALLY was an invitee and guest at the subject GIORGIO'S PIZZERIA,  for purposes of having food and beverages.

15.    On or about September 21, 2007, plaintiff PATRICK CONNALLY attempted to access the GIORGIO'S PIZZERIA.  Plaintiff PATRICK CONNALLY encountered a steep ramp and narrow double doors.  Plaintiff PATRICK CONNALLY could only access the restaurant with the help of a third party.

16.    At said time and place, plaintiff PATRICK CONNALLY needed to use a restroom.  A set of narrow double doors that swing both ways prevented plaintiff PATRICK CONNALLY from accessing the hall, which leads to the restroom(s).

17.    Plaintiff PATRICK CONNALLY now has information that neither the men's restroom nor women's restroom is accessible to the disabled.

18.    On or about October 18, 2007 and November 1, 2007, plaintiff PATRICK CONNALLY returned to the GIORGIO'S PIZZERIA.  Plaintiff PATRICK CONNALLY encountered the same architectural barriers as on September 21, 2007.

19.    On or about December 19, 2007, plaintiff PATRICK CONNALLY wrote both the landlord and the tenant about the restroom issue.  Plaintiff PATRICK CONNALLY asked each of them to conduct their own investigation relative to the barriers.  Plaintiff PATRICK CONNALLY also provided the landlord and the tenant with the phone number to the Department of Justice, and the Pacific Disability Center to obtain information.

20.    On or about December 21, 2007, plaintiff PATRICK CONNALLY returned to GIORGIO'S PIZZERIA.  He did not expect that any barriers had been removed and in fact, all barriers remained.

21.    On or about January 3, 2008, Robert Contini, the Manager of GIORGIO'S PIZZERIA responded to plaintiff PATRICK CONNALLY.  He wrote in part: " Since receiving your letter, we have hired a contractor and an architect to inspect our bathrooms and plan to address any violations . . . we will keep you notified of their findings and what we plan to do."

22.     On or about February 4, 2008, plaintiff PATRICK CONNALLY had wrote a response letter to Mr. Contini.  Plaintiff PATRICK CONNALLY asked Mr. Contini, "what work would be done, and when?"

23.     On or about February 20, 2008, plaintiff PATRICK CONNALLY received a letter from attorney, John Huster indicating that he represented GIORGIO'S PIZZERIA and stated in part: " it is exempt from compliance with the statues you reference . . . GIORGIO'S retained a contractor to investigate the cost of making various changes to its facility to make it more wheelchair friendly and determined that it was cost prohibitive."

24.     On or about March 13, 2008, plaintiff PATRICK CONNALLY returned to GIORGIO'S PIZZERIA.  Again, plaintiff PATRICK CONNALLY encountered all the same barriers that he had on or about September 21, 2007.

25.     On or about March 28, 2008, plaintiff PATRICK CONNALLY again wrote, Mr. Contini.  Plaintiff PATRICK CONNALLY again asked, "when and what changes are going to be made to make the restaurant more accessible to us wheelchair users?"

26.     On or about April 8, 2008, plaintiff PATRICK CONNALLY returned to GIORGIO'S PIZZERIA.  Plaintiff PATRICK CONNALLY encountered all the same barriers as on all past visits.

27.     On or about April 10, 2008, plaintiff PATRICK CONNALLY received a second letter from attorney John Huster, which did not address any issues, but enclosed Mr. Huster's earlier letter of February 20, 2008.  Mr. Huster was under the mistaken belief that plaintiff PATRICK CONNALLY had not received the February 20, 2008, letter.

28.     On or about May 2, 2008, plaintiff PATRICK CONNALLY returned to GIORGIO'S PIZZERIA.  Plaintiff PATRICK CONNALLY attempted to open the double doors. One of the doors appeared to be locked in place.  Plaintiff PATRICK CONNALLY struggled with the steepness of the ramp and the doors stressing and straining himself in so doing.  Plaintiff PATRICK CONNALLY needed a push up the ramp and assistance to gain entrance through the doors.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29.    On or about May 14, 2008, plaintiff PATRICK CONNALLY returned to GIORGIO'S PIZZERIA.  Absolutely no remedial work had been done.  All of the barriers that plaintiff had encountered on September 21, 2007, still remained.

30.    Therefore, at said time(s) and place, plaintiff PATRICK CONNALLY, a person with a disability, encountered the following inaccessible elements of the subject GIORGIO'S PIZZERIA which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of an accessible entrance due to an excessively sloped ramp and narrow double doors;

    b.    lack of a handicapped-accessible women's public restroom;

    c.    lack of a handicapped-accessible men's public restroom;

    d.    lack of an accessible path of travel to the existing restroom(s) due to swinging double doors; and

    e.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

31.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

32.    On or about December 19, 2007, February 4, 2008 and March 28, 2008, defendant(s) were sent four (4) letters by or on behalf of plaintiff PATRICK CONNALLY advising of the existence of architectural barriers, and inquiring when and what architectural barriers would be removed.  Plaintiff PATRICK CONNALLY received one (1) response from the tenant and two (2) letters from the tenant's attorney.  The reply letters in substance, indicated that no remedial work would be done.  This is further supported by virtue of the fact that no remedial work has been done to date. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

///

///

33.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff PATRICK CONNALLY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

34.     As a legal result of defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

35.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff PATRICK CONNALLY  suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about May 2, 2008, including but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing excessively sloped entry ramp and narrow double doors, plaintiff PATRICK CONNALLY suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the primary door to gain entry.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36.    Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

37.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as stated herein.

38.    Plaintiff PATRICK CONNALLY and the membership of DREES were denied their rights to equal access to a public facility by defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST, because defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST maintained a pizza house without access for persons with physical disabilities to its facilities, including but not limited to the entry, men's restroom, women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

39.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

40.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the GIORGIO'S PIZZERIA to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the pizza house as a public facility.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

41.     Plaintiffs seek damages for violation of their civil rights on September 21, 2007, October 18, 2007, November 1, 2007, December 21, 2007, March 13, 2008,  April 8, 2008,  May 2, 2008 and May 14, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff PATRICK CONNALLY from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

42.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

43.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the pizza house accessible to persons with disabilities.

44.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  defendants, and each of them, to other operators of other restaurants and other public facilities,

2  and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

3       45.     Plaintiffs are informed and believe and therefore allege that defendants

4  GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST , and each of

5  them, caused the subject building(s) which constitute the GIORGIO'S PIZZERIA to be

6  constructed, altered and maintained in such a manner that persons with physical disabilities were

7  denied full and equal access to, within and throughout said building(s) of the pizza house and

8  were denied full and equal use of said public facilities.  Furthermore, on information and belief,

9  defendants have continued to maintain and operate said pizza house and/or its building(s) in such

10 conditions up to the present time, despite actual and constructive notice to such defendants that

11 the configuration of GIORGIO'S PIZZERIA and/or its building(s) is in violation of the civil rights

12 of persons with physical disabilities, such as plaintiff PATRICK CONNALLY, the membership

13 of plaintiff DREES and the disability community which DREES serves.  Such construction,

14 modification, ownership, operation, maintenance and practices of such public facilities are in

15 violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

16 U.S.C. §12101, *et seq.*

17      46.     On personal knowledge, information and belief, the basis of defendants' actual and

18 constructive notice that the physical configuration of the facilities including, but not limited to,

19 architectural barriers constituting the GIORGIO'S PIZZERA and/or building(s) was in violation

20 of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not

21 limited to, communications with invitees and guests, plaintiff PATRICK CONNALLY himself,

22 owners of other restaurants, hotels, motels and businesses, notices they obtained from

23 governmental agencies upon modification, improvement, or substantial repair of the subject

24 premises and other properties owned by these defendants, newspaper articles and trade

25 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

26 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

27 other similar information.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Defendants' failure, under state and federal law, to make the GIORGIO'S PIZZERIA accessible is

2    further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly

3    situated persons with disabilities.  Despite being informed of such effect on plaintiff and other

4    persons with physical disabilities due to the lack of accessible facilities, defendants, and each of

5    them, knowingly and willfully refused to take any steps to rectify the situation and to provide full

6    and equal access for plaintiffs and other persons with physical disabilities to the GIORGIO'S

7    PIZZERIA.  Said defendants, and each of them, have continued such practices, in conscious

8    disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of

9    filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the

10   architectural barriers referred to herein by virtue of the demand letter addressed to the defendants

11   and served concurrently with the summons and complaint.  Said conduct, with knowledge of the

12   effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes

13   despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other

14   similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and

15   54.3.

16          47.    Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its

17   membership and the disability community which it serves, consisting of persons with disabilities,

18   would, could and will return to the subject public accommodation when it is made accessible to

19   persons with disabilities.

20   **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
             ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
21           DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
             (On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
22           ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
             California public benefit corporation and Against Defendants GIORGIO'S PIZZA, INC., a
23           California corporation; and MAR LIVING TRUST, inclusive)
             (42 U.S.C. §12101, *et seq.*)

24          48.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

25   allegations contained in paragraphs 1 through 47 of this complaint.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

49.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

50.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

51.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

52.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

53.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

54. The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of GIORGIO'S PIZZERIA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

55. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

56. On information and belief, construction work on, and modifications of, the subject building(s) of GIORGIO'S PIZZERIA occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

57. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

58.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff PATRICK CONNALLY  has not returned to defendants' premises since on or about May 14, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

59.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

60.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

///
///
///
///
///
///

61.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

62.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

63.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

64.    Plaintiff PATRICK CONNALLY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' GIORGIO'S PIZZERIA.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in

accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the GIORGIO'S PIZZERIA because of their knowledge and belief that the GIORGIO'S PIZZERIA is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

65.     On or about September 21, 2007, October 18, 2007, November 1, 2007, December 21, 2007, March 13, 2008,  April 8, 2008, May 2, 2008 and May 14, 2008 , plaintiff PATRICK CONNALLY suffered violations of Civil Code §§54 and 54.1 in that plaintiff PATRICK CONNALLY was denied access to the entry, men's restroom, women's restroom and other public facilities as stated herein at the GIORGIO'S PIZZERIA and on the basis that plaintiff PATRICK CONNALLY was a person with physical disabilities.

///
///
///
///
///
///
///
///
///
///
///

66.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff PATRICK CONNALLY suffered physical discomfort, bodily injury on or about May 2, 2008, including but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing excessively sloped entry ramp and narrow double doors, plaintiff PATRICK CONNALLY suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the primary door to gain entry.

67.     Further, plaintiff PATRICK CONNALLY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

68.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about September 21, 2007, October 18, 2007, November 1, 2007, December 21, 2007, March 13, 2008,  April 8, 2008, May 2, 2008 and May 14, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

1    69.    As a result of defendants', and each of their, acts and omissions in this regard,

2  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

4  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

5  the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

6  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

7  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

8  to compel the defendants to make their facilities accessible to all members of the public with

9  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

11

12  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
          FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
13        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
          ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
14        California public benefit corporation and Against Defendants GIORGIO'S PIZZA, INC., a
          California corporation; and MAR LIVING TRUST, inclusive)
15        (Health & Safety Code §19955, *et seq.*)**

16    70.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

17  allegations contained in paragraphs 1 through 69 of this complaint.

18    71.    Health & Safety Code §19955 provides in pertinent part:

19            The purpose of this part is to insure that public accommodations or
              facilities constructed in this state with private funds adhere to the
20            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
              of Title 1 of the Government Code.  For the purposes of this part
21            "public accommodation or facilities" means a building, structure,
              facility, complex, or improved area which is used by the general
22            public and shall include auditoriums, hospitals, theaters, restaurants,
              hotels, motels, stadiums, and convention centers.  When sanitary
23            facilities are made available for the public, clients or employees in
              such accommodations or facilities, they shall be made available for
24            the handicapped.

///
25
///
26
///
27
///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

72.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the GIORGIO'S PIZZERIA and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the GIORGIO'S PIZZERIA and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said pizza house and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

73.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the GIORGIO'S PIZZERIA and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

74.     Restaurants such as the GIORGIO'S PIZZERIA are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

75.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

76.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

77.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST,  inclusive)
(Civil Code §51, 51.5)

78.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 77 of this complaint.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

79.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

80.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

81.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §48, *et seq*., as if repled herein.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

82.    As a legal result of the violation of plaintiff PATRICK CONNALLY's  civil rights as hereinabove described, plaintiff PATRICK CONNALLY has suffered general damages, bodily injury on or about May 2, 2008, including but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing excessively sloped entry ramp and narrow double doors, plaintiff PATRICK CONNALLY suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the primary door to gain entry.

83.    Further, plaintiff PATRICK CONNALLY suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs PATRICK CONNALLY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST , inclusive, to make the GIORGIO'S PIZZERIA, located at 151 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST , inclusive, to make the GIORGIO'S PIZZERIA, located at 151 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST, inclusive), (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      General and compensatory damages according to proof.

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST , inclusive, to make the GIORGIO'S PIZZERIA, located at 151 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

///
///
///
///

**V.      PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants GIORGIO'S PIZZA, INC., a California corporation; and MAR LIVING TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      Treble damages pursuant to Civil Code §52(a);

4.      For all costs of suit;

5.      Prejudgment interest pursuant to Civil Code §3291; and

6.      Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
   **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
   **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3  (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants GIORGIO'S
   PIZZA, INC., a California corporation; and MAR LIVING TRUST, inclusive)
4  (California Civil Code §§51, 51.5, *et seq.*)

5       1.      General and compensatory damages to plaintiff PATRICK CONNALLY according

6  to proof.

7

8  Dated: _____8/19/08_____, 2008       THOMAS E. FRANKOVICH
                                        *A PROFESSIONAL LAW CORPORATION*
9

10

11                                      By:_____
                                           THOMAS E. FRANKOVICH
                                        Attorneys for Plaintiffs PATRICK CONNALLY and DISABILITY
12                                      RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING
                                        YOU HELP OTHERS, a California public benefit corporation
13

14                         **DEMAND FOR JURY TRIAL**

15       Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

16  Dated: _____8/19/08_____, 2008       THOMAS E. FRANKOVICH
                                         *A PROFESSIONAL LAW CORPORATION*
17

18

19                                      By:_____
                                           THOMAS E. FRANKOVICH
                                        Attorneys for Plaintiffs PATRICK CONNALLY and
20                                      DISABILITY RIGHTS. ENFORCEMENT, EDUCATION,
                                        SERVICES:HELPING YOU HELP OTHERS, a California
21                                      public benefit corporation

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

December 19, 2007

Manager
Giorgio's Pizzeria
151 Clement St.
San Francisco, CA 94118

Dear Manager of Giorgio's Pizzeria:

Recently *(or some time ago)* I visited Giorgio's Pizzeria. As I use a wheelchair, I had problems with not being able to wheel into the restroom. I would think you would know how important it is to be able to use a restroom.

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Giorgio's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Patrick Connally*

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

December 19, 2007

Owner of the building for
Giorgio's Pizzeria
151 Clement St.
San Francisco, CA 94118

Dear Owner of Building for Giorgio's Pizzeria:

Recently *(or some time ago)* I visited Giorgio's Pizzeria. As I use a wheelchair, I had problems with not being able to wheel into the restroom. I would think you would know how important it is to be able to use a restroom.

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Giorgio's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Patrick Connally*

January 3, 2008

Patrick Connally
164 N.San Pedro Rd. apt. #C103
San Rafael, CA 94903

Dear Patrick,

     My name is Robert Contini, manager of Giorgio's Pizzeria. I have received and read your letter. On behalf of Giorgio's, I thank you for your patronage. We appreciate your business and would like to have you continue to be a customer of Giorgio's Pizzeria.

     In light of your letter, I would also like to extend our most sincere apologies for any inconvenience you may have experienced dining in our establishment. Since Giorgio's strives to accommodate all of our customers needs we appreciate your feedback and will work to remedy any of our shortcomings.

     Since receiving your letter, we have hired a contractor and an architect to inspect our bathrooms and plan to address any violations. As you requested in your letter, we will keep you notified of their findings and what we plan to do.

     In the meantime, I hope you accept the enclosed gift card. It can be used for carry-out as well as dining in the restaurant.

     Again, thank you for your feedback and continued support.

Sincerely,

Robert Contini

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

February 4, 2008

Robert Contini
Giorgio's Pizzeria
151 Clement St.
San Francisco, CA 94118

Dear Mr. Contini:

Thank you for your letter of January 3, 2008. I'm happy to know you've hired an architect and contractor. I hope the landlord supports you. If you didn't know, I sent the landlord a letter at the same address.

Anyway, in keeping with my request, I think you could do the work in three months. A month has already passed. But if you are on top of it, you can write me back by the end of February. You must have hired them in December, so you should have some idea what work and when it will be done by the end of February. May I hear from you then as to what your plan is? Thank you so very much for addressing this.

Sincerely,

Patrick Connally

# THE HUSTER LAW GROUP

THOMAS HUSTER
tomhuster@hotmail.com

**ATTORNEYS AT LAW**
*A Professional Corporation*

JOHN K. HUSTER
jkhuster@yahoo.com

309 Fourth Avenue, Suite 200
San Francisco, Ca 94118-2405
Tel. (415) 221-5490   Fax. (415) 221-3339

February 20, 2008

Patrick Connally
164 N. San Pedro Rd., Apt. C103
San Rafael, CA 94903

Dear Mr. Connally,

I represent Giorgio's Pizzeria and have been asked to investigate the issues concerning Giorgio's ADA and ADAAG compliance. As an initial matter, Giorgio's wishes to accommodate all of its potential customers needs and comply with all applicable laws.

We have investigated the issues raised in your initial letter of December 19, 2007 to determine Giorgio's legal obligation and have determined that it is exempt from compliance with the statutes you reference. While having no legal requirement to do so, out of a wish to make its restaurant accessible to everyone Giorgio's retained a contractor to investigate the cost of making various changes to its facility to make it more wheelchair friendly and determined that it was cost prohibitive.

Giorgio's welcomes your continued patronage and will continue to attempt to accommodate you in any way possible.

Very truly yours,

John K. Huster

JH/br

W:\Matters_2\Giorgio's Pizza\Connally ADA Ltr1.doc

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

March 28, 2008

Robert Contini
Giorgio's Pizzeria
151 Clement St.
San Francisco, CA 94118

Dear Mr. Contini:

I thought I'd write you to find out when and what changes are going to be made to make the restaurant more accessible to us wheelchair users. Have you looked into the entrance and the restrooms? Did you get a hold of the Pacific Disability Center in Oakland to get the information to read up on?

Remember, you can get a $10,000 tax credit. Talk to your accountant.

Would you be kind enough to write me in the next week or so about your plans? Thank you.

Sincerely,

Patrick Connally

# THE HUSTER LAW GROUP

THOMAS HUSTER
tomhuster@hotmail.com

## ATTORNEYS AT LAW
A Professional Corporation

JOHN K. HUSTER
jkhuster@yahoo.com

309 Fourth Avenue, Suite 200
San Francisco, Ca 94118-2405
Tel. (415) 221-5490  Fax. (415) 221-3339

April 10, 2008

Patrick Connally
164 N. San Pedro Rd., Apt. C103
San Rafael, CA 94903

Dear Mr. Connally,

I represent Giorgio's Pizzeria. I am in receipt of your letter of March 28, 2009. It appears that you did not receive my February 20, 2008 letter responding to issues you raised concerning the wheelchair accessibility of Giorgio's restaurant. I am enclosing a copy of that letter for your review.

On a related note, Mr. Contini noted that you were in the restaurant on Tuesday for lunch and hopes that you had a good dinning experience. He wanted me to let you know that he would have said hi, but he didn't know it was you until he reviewed the receipts. As always, he welcomes any suggestions you have to make the dinning experience more enjoyable or make the restaurant more accessible to you.

Please feel free to contact me if you have any questions.

Very truly yours,

John K. Huster

JH/br

W:\Matters_2\Giorgio's Pizza\Connally ADA Ltr2.doc